UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC. D/B/A STIRRINGS,<br><br>   Defendant. | Case No.: 2:24-cv-08206<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

Elizabeth R. Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (646) 607-8476
baksh.elizabeth@dorsey.com

Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Fax: (202) 315-3852
Email: magid.chip@dorsey.com

Attorneys for Defendant Sazerac Company, Inc. D/B/A STIRRINGS

Date: August 7, 2025

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT THE "NO PRESERVATIVES" STATEMENT IS DECEPTIVE. | 2 |
| II. | THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT A REASONABLE CONSUMER WOULD BE MISLED BY THE "NO PRESERVATIVES" STATEMENT. | 6 |
| III. | THE EXPRESS WARRANTY AND UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED. | 9 |
|  | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 3, 9

*Ault v. J.M. Smucker Co.*, No. 13-CV-3409, 2014 WL 1998235 (S.D.N.Y. May 15, 2014) ............................................................................................................... 9

*Axon v. Florida's Natural Growers, Inc.*, 813 Fed. Appx. 701 (2d Cir. 2020) ............ 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 3, 9

*Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 WL 7042642 (E.D.N.Y. Nov. 30, 2020) ............................................................... 6

*Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111 (2d Cir. 2007) ................................ 7

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ................................. 3, 6

*Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395 (S.D.N.Y. 2022) ............ 10

*Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013) .......................................... 7

*Hilsley v. Ocean Spray Cranberries, Inc.*, 2018 WL 6245894 (S.D. Cal. Nov. 29, 2018) ............................................................................................................... 6

*Hu v. Herr Foods, Inc.*, 2017 WL 11551822 (E.D. Pa. Sept. 26, 2017) ....................... 5

*Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813 (E.D. Pa. 2017) .................................... 7

*In re Prime Energy Consumer Litig.*, 2025 U.S. Dist. LEXIS 148034 (S.D.N.Y. July 31, 2025) .................................................................................................. 8

*JTH Tax, Inc. v. Gouneh*, 721 F. Supp. 2d 132 (N.D.N.Y. 2010) .............................. 10

*Kubilius v. Barilla Am., Inc.*, 2019 WL 2861886 (N.D. Ill. July 2, 2019) .................... 5

*Mason v. Reed's Inc.*, 515 F. Supp. 3d 135 (2021) ..................................................... 5

*McCracken v. Verisma Sys., Inc.*, 91 F.4th 600 (2d Cir. 2024) ................................... 8

*Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013) ... 6

*Orlander v. Staples, Inc.*, 802 F.3d 289 (2d Cir. 2015) .............................................. 7

*Quiroz v. Beaverton Foods, Inc.*, 2019 WL 1473088 (E.D.N.Y. Mar. 31, 2019) ....... 4, 5

**Statutes**

NY GBL § 349 ............................................................................................ 7, 8, 9

NY GBL § 350 ............................................................................................ 7, 8, 9

**Other Authorities**

Keri Lipscomb, James Rieck, Paul Dawson, "Effect of Temperature on Intensity of Basic Tastes: Sweet, Salty and Sour," J. Food Research 5(4) (June 27, 2016) (https://ccsenet.org/journal/index.php/jfr/article/view/56854) .................................. 3

**Regulations**

21 C.F.R. § 101.22(a)(5) ................................................................................ 2, 4

In his Opposition, Plaintiff Rodriguez attempts to respond to the absence of any plausible allegations in the Amended Complaint that the citric acid in Stirrings mixers acts as a preservative by citing case authority involving *different* complaints and by offering a rebuttal declaration, which has no place in a Rule 12(b)(6) motion. The Opposition wholly fails to address the absence of sufficient factual matter in the Amended Complaint to state a plausible claim that the "no preservatives" label statement is deceptive when it (1) concedes that citric acid does not act as a preservative below a threshold concentration yet is devoid of any allegations regarding the concentration of citric acid in the Stirrings products at issue; concedes that ingredient labels identify citric acid as a flavoring agent; acknowledges that the most prominent ingredient in the Stirrings product identified in the Amended Complaint is lime juice, which contains a high concentration of citric acid, and concedes the Stirrings products are heat treated, which itself imparts a significant preservative effect. Rodriguez simply asserts that if citric acid acts as a preservative in some *other* products, the Stirrings "no preservatives" statement is deceptive even the small amount of citric acid in Stirrings products does not act as a preservative. This is simply wrong.

Moreover, Rodriguez does not offer any meaningful response to Sazerac's arguments (1) that the Amended Complaint fails to allege that a reasonable consumer would find the "no preservatives" statement deceptive if the citric acid in Stirrings does not act as a preservative and (2) that the Amended Complaint fails

plausibly to allege that consumers find the presence of citric acid material. Both are independent reasons to dismiss the Amended Complaint.

I. **THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT THE "NO PRESERVATIVES" STATEMENT IS DECEPTIVE.**

As Sazerac explained in its opening brief, the Stirrings ingredient statement in the Amended Complaint makes clear that the product's predominant ingredient, apart from water, is lime juice, which contains a high concentration of citric acid. The Amended Complaint also acknowledges that Stirrings is heat treated, and that this, too, provides significant preservative effects. The Amended Complaint fails to address whether, given the preservative effects of the lime juice and heat treatment, the small amount of added citric acid has any incremental effect. If the lime juice-lowered pH of Stirrings – particularly in combination with heat treatment – provides full preservative effect in the absence of added citric acid, the citric acid in the product has no incremental preservative effect and, by definition, cannot be a preservative. *See* 21 C.F.R. § 101.22(a)(5) (defining a "chemical preservative" as a chemical that, "when added to food, tends to prevent or retard deterioration thereof"). Despite Sazerac having raised this issue in connection with the original Complaint, the Amended Complaint fails to address it – as does the Opposition. (None of the cases cited in the Opposition address the issue, either).

Apart from the absence of any mention of how the added citric acid could have any preservative effect in an already highly acidic and heat treated product, the Amended Complaint, while asserting that citric acid has no preservative effect below a certain threshold, Am. Comp. Ex. D at ¶ 48, fails to contain any factual

allegations regarding the amount or concentration of added citric acid in Stirrings. Plaintiff attempts to point to a declaration accompanying the complaint to argue that the threshold for detecting flavor from citric acid is less than the threshold for a preservative effect. However, as Sazerac noted in its opening Memorandum, the cited "evidence" for the supposed "sensory minimum" says nothing of the sort – it merely sets forth the amount of citric acid added to various samples for purposes of testing the effect of *temperature* on taste intensity. *See* Keri Lipscomb, James Rieck, Paul Dawson, "Effect of Temperature on Intensity of Basic Tastes: Sweet, Salty and Sour," J. Food Research 5(4) (June 27, 2016) (https://ccsenet.org/journal/index.php/jfr/article/view/56854), cited at Am. Comp. Ex. D at ¶ 52.[1] Because the sources referenced in the Amended Complaint undermine Plaintiff's assertion regarding a "sensory minimum," the Amended Complaint is left without any factual allegations suggesting that the amount of added citric acid in Stirrings is sufficient to have any preservative effect. By this measure, too, the Amended Complaint fails plausibly to allege that the "no preservatives" statement is in any way deceptive.[2]

---

[1] Sources referenced in a complaint are properly considered on a Rule 12(b)(6) motion. *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

[2] In his Opposition, Plaintiff argues that, in responding to a motion to dismiss, he need not establish a likelihood of success on the merits. This may be true, but it does not change the fact that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is the absence of factual matter sufficient to state a plausible claim for relief that dooms the Amended Complaint, not the unlikelihood of ultimate success – even though, as Plaintiff tacitly acknowledges, it is unlikely that he will ultimately prevail.

3

Plaintiff responds by arguing that if citric acid acts as a preservative in *other* products, it should be considered a preservative even in products in which it has no preservative function. The U.S. Food & Drug Administration, as noted in Sazerac's opening memorandum, takes the contrary view. In 21 C.F.R. § 101.22(a)(5), the FDA defines a "chemical preservative" as a chemical that, "when added to food, tends to prevent or retard deterioration thereof." If an ingredient such as citric acid "when added to food" does not "tend[ ] to prevent or retard deterioration thereof," it is not, by definition, a preservative. The FDA has made this abundantly clear in numerous warning letters, including the two cited in Sazerac's opening memorandum, in which the FDA makes clear that whether citric acid must be identified as a preservative on a product label depends upon whether citric acid "is functioning as a preservative" *in that specific product*. *See* Opening Memorandum at 4 – 5.

The cases cited by Plaintiff in support of his "once a preservative, always a preservative" thesis are readily distinguished. *Quiroz v. Beaverton Foods, Inc.*, 2019 WL 1473088 (E.D.N.Y. Mar. 31, 2019), for example, concerned mustard, not a product with lime juice or other significant acidulants that rendered the addition of citric acid superfluous for preservation purposes. Moreover, the court apparently was unaware of the FDA's warning letters limiting the designation of citric acid as a preservative to those products in which citric acid actually had a preservative function. Furthermore, unlike here, whether the concentration of citric acid in the defendant's mustard was above the threshold for preservative functionality and

4

whether the other ingredients in the mustard meant that the added citric acid would have no incremental preservative effect are never discussed in *Quiroz*.

Similarly, in *Hu v. Herr Foods, Inc.*, 2017 WL 11551822 (E.D. Pa. Sept. 26, 2017), the Amended Complaint specifically alleged that "the citric acid invariably functions as a preservative because all of the Products at issue in this case contain enough fat to trigger citric acid's preservative qualities." *Id*. at *1 n. 4. Here, by contrast, the Amended Complaint fails to provide a factual basis for the assertion that the small amount of citric acid in a product already acidified by lime juice and heat treated has any preservative effect.

*Mason v. Reed's Inc.*, 515 F. Supp. 3d 135 (2021), likewise did not address whether the complaint contained sufficient facts plausibly to allege that the amount of citric acid in the soda there at issue was sufficient to act as a preservative or whether citric acid had no incremental preservative effect on the soda. Nor, from what can be gleaned from the opinion, was the court aware that the FDA had repeatedly taken the position that citric acid may only be considered a preservative if it acts as a preservative *in that product*. Moreover, the defendant's argument in *Mason* was that it had complied with the "safe harbor" provisions in NY GBL §§ 349 and 350 – not that the complaint failed sufficiently to allege that citric acid in the soda acted as preservative. *Id*. at 144. Like *Quiroz* and *Hu*, *Mason* does not address the issues raised by Sazerac in its motion to dismiss.[3]

---

[3] Other cases cited by Plaintiff are even more off-the-mark. For example, the one-sentence comment cited by Plaintiff from *Kubilius v. Barilla Am., Inc.*, 2019 WL 2861886 (N.D. Ill. July 2, 2019), makes clear that, unlike here, the defendant in

5

Plaintiff next attempts to respond to the motion to dismiss by submitting a responsive declaration from Dr. Meyers. Such a declaration has no place with respect to a motion to dismiss and must be disregarded. In considering a motion to dismiss, a court may only "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111; *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202 (2d Cir. 2013). A court may not consider "new factual allegations in memoranda, affidavits, declarations, and sur-replies." *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 WL 7042642, at *10 (E.D.N.Y. Nov. 30, 2020). The Court must therefore disregard Dr. Meyers's July 20, 2025, declaration. *Id.*

## II. THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT A REASONABLE CONSUMER WOULD BE MISLED BY THE "NO PRESERVATIVES" STATEMENT.

Even if the Court were to accept the argument that citric acid should be considered a "preservative" even when it has no preservative effect on the product at issue, the Amended Complaint fails for a second reason: it fails plausibly to allege that a minute amount of added citric acid without any preservative effect would cause the "no preservatives" statement on bottles of Stirrings to mislead a reasonable consumer.

---

that case "cite[d] no authority" for the proposition that whether citric acid "functions as a preservative" is relevant. *Id.* at *4. *Hilsley v. Ocean Spray Cranberries, Inc.*, 2018 WL 6245894 (S.D. Cal. Nov. 29, 2018), involved a class certification in which the merits were not even at issue – only the question of whether "common issues" existed.

To state a claim under either NY GBL § 349 or NY GBL § 350, a plaintiff must allege that the challenged conduct is "materially misleading." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). To be "misleading," the conduct "must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* (quoting *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007)). It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

As Sazerac noted in its opening memorandum, the Amended Complaint does not contain any factual allegations that a reasonable consumer would find the "no preservatives" statement misleading when the citric acid did not act as a preservative in Stirrings. The Amended Complaint contains no factual allegations suggesting that a reasonable consumer would understand "no preservatives" to mean that the product contained no ingredients that might serve as preservatives in *other* products, even if it does not serve as a preservative in Stirrings. The Court should therefore find as a matter of law that no reasonable consumer would find the "no preservatives" label misleading. *See Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813 (E.D. Pa. 2017) (granting defendant's motion for judgment on the pleadings regarding GBL § 349 claim because the complaint did not contain factual allegations suggesting "that a reasonable consumer would understand an ingredient in a particular product to be a preservative, regardless of whether it actually preserves the product.").

7

Furthermore, as explained in Sazerac's opening memorandum, the Amended Complaint contains no factual allegations suggesting that reasonable consumers would find the "no preservatives" statement to be *materially* misleading. To be *materially* misleading, a misleading statement must be one that "would have caused [the plaintiffs] to make a different initial choice[.]" *In re Prime Energy Consumer Litig.*, 2025 U.S. Dist. LEXIS 148034, at *20 (S.D.N.Y. July 31, 2025) (quoting *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 607 (2d Cir. 2024) (alterations in original). The Amended Complaint merely alleges that consumers seek "healthier foods" and that the "health and wellness" market is expected to grow; it says nothing at all about consumers' views of preservatives generally, whether consumers consider citric acid to be an "unhealthy" or "unnatural" preservative (as opposed to, say, sodium benzoate or calcium propionate), and whether consumers care at all about minute amounts of citric acid. The Amended Complaint therefore fails to state a claim under NY GBL §§ 349 and 350 because it does not allege – and certainly does not plausibly allege – that the "no preservatives" statement is materially misleading.

In his Opposition, Plaintiff wholly fails to respond to these arguments. Instead, he merely rehashes the previous issue of whether a chemical that acts as a preservative in some products is considered a preservative for all products, quoting two opinions at length on that subject. The issue here is different: assuming, *arguendo*, that citric acid should be considered a preservative even when it doesn't act as a preservative, would a reasonable consumer consider a "no preservatives"

8

statement misleading because a product contained a small amount of citric acid (particularly if that citric acid had no preservative effect) – and would a reasonable consumer make a different purchasing decision if she knew that the product contained a small amount of citric acid? The Amended Complaint is devoid of *any* factual allegations suggesting that the challenged statement is "materially misleading." The Amended Complaint therefore fails to set forth a prima facie case based on NY GBL §§ 349 and 350.

### III.  THE EXPRESS WARRANTY AND UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED.

For the reasons explained above, Plaintiff cannot state a breach of warranty claim because the Amended Complaint does not plausibly allege that the citric acid in Stirrings products acts as a preservative in the products. Moreover, the Amended Complaint does not contain any allegations that a reasonable consumer would understand the "no preservatives" statement to mean that Stirrings is devoid of any ingredient that could be used as preservatives in *another* product, even if the ingredient does not act as a preservative in Stirrings. *See, e.g., Ault v. J.M. Smucker Co.*, No. 13-CV-3409, 2014 WL 1998235, at *6 (S.D.N.Y. May 15, 2014) (breach of express warranty claim based on product label turned on "what a reasonable consumer's interpretation might be"). Further the Amended Complaint contains only "naked assertions" of reliance on the "no preservatives" statement, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 557 (2007)).

As explained in Sazerac's opening memorandum, under New York law, an unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 419 (S.D.N.Y. 2022). The cases cited by Plaintiff do not suggest otherwise. *JTH Tax, Inc. v. Gouneh*, 721 F. Supp. 2d 132 (N.D.N.Y. 2010), merely holds that a plaintiff may plead unjust enrichment in a *contract* action "in the alternative to a claim for breach where the existence of a valid agreement is in dispute." *Id*. at 139. The existence of a contract is not at issue here.[4] The remaining cases do not involve New York law and, importantly, none holds that a plaintiff may assert an unjust enrichment claim that is duplicative of a tort or contract claim. The unjust enrichment claim must therefore be dismissed.

## CONCLUSION

For the reasons set forth above, the Amended Complaint should be dismissed with prejudice.

---

[4] Plaintiff attempts to argue otherwise by noting that he has asserted a breach of warranty claim. An unjust enrichment claim may be asserted as an alternative to a breach of warranty claim "when there is doubt as to the existence of the warranty," *Axon v. Florida's Natural Growers, Inc.*, 813 Fed. Appx. 701, 706 (2d Cir. 2020), but when, as here, the "doubt" arises because of a failure of adequate pleading, *both* the warranty claim and the unjust enrichment claim must be dismissed. *Id*.

|  |  |
|---|---|
| | Respectfully submitted, |
| Date: August 7, 2025 | Elizabeth R. Baksh<br>DORSEY & WHITNEY LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 415-9200<br>Facsimile: (646) 607-8476<br>baksh.elizabeth@dorsey.com |
| | */s/ Creighton R. Magid*<br>Creighton R. Magid (admitted *pro hac vice*)<br>DORSEY & WHITNEY LLP<br>1401 New York Avenue, N.W. Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 442-3555<br>Fax: (202) 315-3852<br>Email: magid.chip@dorsey.com |
| | Attorneys for Defendant Sazerac Company, Inc. D/B/A STIRRINGS |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August, 2025, a copy of the foregoing was served on Plaintiff's counsel, Michael J. Gabrielli, Esq., using the CM/ECF system.

>*/s/ Creighton R. Magid*
>Creighton R. Magid