# GABRIELLI LEVITT LLP
2426 EASTCHESTER ROAD • SUITE 201 • BRONX, NEW YORK 10469
PHONE (718) 708-5322 • FAX (718) 708-5966
E-MAIL: michael@gabriellilaw.com. • WWW: www.gabriellilaw.com

August 7, 2025

**VIA ELECTRONIC FILING**

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Rodriguez v. Sazerac Company, Inc. d/b/a Stirrings*
             Case No. 2:24-cv-08206-RER-ST

Dear Judge Reyes:

      This office represents the Plaintiff in connection with the above-referenced matter. I write to request authorization to file a Sur-reply to Defendant's Reply in Support of its Motion to Dismiss the Amended Complaint, which was filed via ECF earlier today.

      The reason for this request is to address Defendant's argument that the responsive Declaration of Dr. Marc Meyers (the "second Declaration"), which accompanies Plaintiff's Opposition to Defendant's motion, "must" be "disregarded" by the Court.

      More particularly, Defendant cites the matter of *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 WL 7042642 (E.D.N.Y. Nov. 30, 2020) for the proposition that Dr. Meyers' Declaration must be stricken from the record. However, a review of *Chartwell* makes it plain that, contrary to Defendant's assertion, the striking of Dr. Meyers' Declaration is a remedy that is not available under the Federal Rules of Civil Procedure.

      Specifically, the Court in *Chartwell* held:

> "Defendants move to strike the Declaration and portions of Plaintiff's Opposition without identifying the procedural basis for their request . . . I construe their arguments as falling under Rule 12(f), the procedural rule that relates to motions to strike. Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike from a "pleading" any "redundant, immaterial, impertinent, or scandalous matter." But neither a declaration nor a memorandum appears to be a "pleading" under the Federal Rules of Civil Procedure. Rule 7, which lists the types of pleadings that are permissible in federal court, does not mention declarations or memoranda. See Fed. R. Civ. P. 7(a). Numerous courts have held that they are not authorized by Rule 12(f) to strike matters in documents other than pleadings. See, e.g., United States ex rel. Lee v. N. Adult Daily Health Care Ctr., 174 F. Supp. 3d 696, 699-700 (E.D.N.Y. 2016) (motion for an alternate remedy); Williams v. Rosenblatt Sec. Inc., 136 F. Supp. 3d 593, 615 (S.D.N.Y. 2015) (motion to dismiss), opinion reinstated on reconsideration, No. 14-CV-4390, 2015 WL 6509112 (S.D.N.Y. Oct. 28, 2015); Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008) (motions, affidavits, declarations); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004) ("[M]otions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). By moving to strike the

Declaration and portions of Plaintiff's Opposition, defendants seek a remedy that is not available under the Federal Rules of Civil Procedure. I therefore deny their motions to strike."

The Court in *Chartwell* further held:

"Nevertheless, I may not consider matters outside the pleadings when resolving a motion to dismiss. Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 203 (2d Cir. 2013); Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996). That includes new factual allegations in memoranda, affidavits, declarations, and sur-replies. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002) (allowing courts, when deciding motions to dismiss, to disregard extra-pleading material filed by the parties); Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd., No. 11-CV-5802, 2014 WL 4175914, at *4 (E.D.N.Y. Aug. 20, 2014) . . . [t]hat said, two exhibits attached to the Declaration are appropriately considered in adjudicating the motion to dismiss because they were incorporated by reference into the Amended Complaint. When deciding motions to dismiss, courts may consider written instruments attached to a complaint as exhibits or incorporated into the complaint by reference. Chambers, 282 F.3d at 152-53."

Here, for instance, the Defendant, in its Memorandum in Support of its Motion to Dismiss, grossly mischaracterized portions of a prior Declaration of Dr. Meyers, which was dated March 1, 2025, and was incorporated by reference into the Amended Complaint. Accordingly, the second Declaration seeks to correct those gross inaccuracies, and also address a number of other arguments Defendant makes specifically in reference to the Amended Complaint, rather than include any new factual allegations.

As such, Plaintiff seeks leave to file a Sur-reply to address Defendant's request to strike the second Declaration.

I thank the Court for its kind consideration and attention to this matter.

Sincerely,

Michael J. Gabrielli, Esq.

cc: Creighton R. Magid
Dorsey & Whitney LLP
1401 New York Avenue NW, Ste. 900
Washington, DC 20005