

CREIGHTON R. MAGID
(202) 442-3555
magid.chip@dorsey.com

August 8, 2025

**VIA ELECTRONIC FILING**

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Rodriguez v. Sazerac Company, Inc. d/b/a Stirrings, 2:24-cv-08206*

Dear Judge Reyes:

      Plaintiff Rodriguez asks the Court for permission to file a sur-reply on the grounds that a court should *disregard* a declaration submitted in opposition to a Rule 12(b)(6) motion rather *striking* the declaration, citing *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 WL 7042642 (E.D.N.Y. Nov. 30, 2020). There is no basis for a sur-reply. In accordance with *Chartwell Therapeutics*, defendant Sazerac Company, Inc., in its Reply, noted that the Court should *disregard* Dr. Meyers's rebuttal declaration; it did not ask the Court to "strike" the declaration. As the portion of the *Chartwell Therapeutics* opinion quoted in Mr. Gabrielli's letter makes plain, a court "may not consider matters outside the pleadings when resolving a motion to dismiss. That includes new factual allegations in memoranda, affidavits, declarations, and sur-replies." *Id*. at *10 (internal citations omitted). This is consistent with the Second Circuit's directive that, when considering a motion to dismiss, a court may only "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Because Sazerac Company, Inc. did not ask the court to strike the rebuttal declaration pursuant to Rule 12(f) but rather to disregard the rebuttal declaration in accordance with well-established law, there is no basis for a sur-reply. Plaintiff Rodriguez's request for leave to file a sur-reply should therefore be denied.

      Very truly yours,

      Creighton R. Magid

cc: All Counsel of Record (via ECF)