# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 24-CV-8206 (RER) (ST)

TERESA RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS

VERSUS

SAZERAC COMPANY, INC. D/B/A STIRRINGS

**MEMORANDUM & ORDER**

September 11, 2026

**RAMÓN E. REYES, JR., District Judge:**

Teresa Rodriguez ("Plaintiff" or "Rodriguez") brought this putative class action against Sazerac Company ("Defendant" or "Sazerac"), alleging violations of N.Y. General Business Law sections 349 and 350, and common law claims for breach of express warranty and unjust enrichment. Plaintiff bought nonalcoholic mixers from Defendant labeled as "no preservatives" that she claims included citric acid acting as a preservative. Defendant now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons explained below, the Court grants Defendant's motion to dismiss Plaintiff's unjust enrichment claim and otherwise denies the motion as to Plaintiff's remaining claims under N.Y. GBL section 349 and 350 and for breach of express warranty.

## BACKGROUND

### I. Factual Background

Defendant Sazerac Company, Inc. d/b/a Stirrings is a corporation with its principal place of business in Kentucky. (ECF No. 12 ("Am. Compl.") ¶ 18). Sazerac manufactures, markets, and distributes a line of nonalcoholic cocktail mixers with the label "No Preservatives" displayed on the front of the bottles.[1] (*Id.* ¶¶ 1, 2, 18; *see* ECF No. 12-1 ("Mixer Front Label") at 2). These products, per the nutrition label on the back of the bottles, contain "citric acid (for flavor)." (ECF No. 12-2 ("Mixer Back Label") at 2).

Rodriguez, a New York resident, purchased Defendant's mixers on "numerous occasions" from a Kings Food Market in Garden City, New York, during the three years preceding the filing of her complaint. (Am. Compl. ¶ 14).

Rodriguez alleges Defendant's labeling of the mixers as containing "No Preservatives" is materially misleading because the mixers contain citric acid, which she claims functions as a "synthetic" and "well-documented preservative." (*Id*. ¶¶ 3, 16, 19). Rodriguez further alleges she relied on the "No Preservatives" labeling when purchasing the mixers, and she either would not have purchased them or would have paid less had she known the mixers contained "synthetic preservatives." (*Id.* ¶¶ 48–50, 63). According to Plaintiff, "conscious consumers" are willing to pay more for "nutritious foods free of additives," and that she and others suffered a price premium injury because of Defendant's deceiving labels. (*Id.* ¶¶ 6, 65).

---

[1] The specific products at issue include Stirrings Margarita Cocktail Mix, Old Fashioned Mix, 5 Calorie Margarita Mix, Paloma Mix, Blood Orange Cocktail Mix, Peach Bellini Mix, Cosmopolitan Mix, Apple Cocktail Mix, Lemon Drop Cocktail Mix, Bloody Mary Mix, Pomegranate Cocktail Mix, Sour Mix, Mule Mix, Mai Tai Mix, and 5 Calories Cosmopolitan Mix. (Am. Compl. ¶ 2).

In support, the amended complaint references a Food and Drug Administration chart that lists citric acid in the preservative category, an FDA letter suggesting that citric acid is a preservative, and a declaration from a food scientist, Marc Meyers, Ph.D., asserting citric acid functions as a preservative in the mixers. (Am. Compl. ¶¶ 24–26; ECF Nos. 12-3 ("FDA Warning Letter") at 3; 12-4 ("Meyers' Decl.")).

Plaintiff brings this action on behalf of a nationwide class, and a New York subclass. (*Id.* ¶ 67, 68).

II. Procedural History

On November 26, 2024, Plaintiff filed a Fed. R. Civ. P. 23 class action complaint on behalf of herself, and all others similarly situated who purchased Defendant's mixers. (ECF No. 1). On March 5, 2025, Plaintiff filed the amended complaint that included Dr. Myers' declaration. (ECF Nos. 12; 12-4).

Plaintiff asserts that this Court has jurisdiction over her claims under 28 U.S.C. § 1332 because she is a citizen of New York, and Defendant is a corporation with its personal place of business in Louisville Kentucky. (Am. Compl. ¶¶ 9–11). Accordingly, this is a class action in which a member of the putative class is a citizen of a different state than defendant, and the amount in controversy exceeds five million dollars. (*Id.* ¶ 9).

Defendant moved to dismiss. (ECF Nos. 19;19-1 ("Def.'s Mem."); 21 ("Def.'s Reply")). Plaintiff opposed. (ECF No. 20 ("Pl.'s Opp.")). The Court denied Plaintiff's motion for leave to file a sur-reply. (Order dated 8/11/2025; ECF Nos. 22, 23).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain facts that do more than present a "sheer possibility that a defendant has acted unlawfully." *Id.* In deciding a motion to dismiss, a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). However, allegations that "are no more than conclusions [] are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Further, dismissal for failure to state a claim "is appropriate when 'it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law.'" *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (quoting *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014) (citation omitted)).

## **DISCUSSION**

### I. Plaintiff Sufficiently Pleads a Claim Under New York GBL Sections 349 and 350

Defendant argues that the amended complaint fails to allege that citric acid acts as a preservative in the mixers where the label indicates citric acid is used for flavor. (Def.'s Mem. at 7–11). Further, the amended complaint "contains no allegations that a reasonable consumer would understand the 'no preservatives' statement to mean that

Stirrings is devoid of any ingredient that could be used as preservatives in *another* product, even if the ingredient does not act as a preservative in Stirrings."[2] (*Id.* at 11–12).

Plaintiff argues that she is not required to plead that citric acid functions as a preservative in the mixers, but nonetheless, Plaintiff's complaint establishes that citric acid acts as a preservative. (Pl.'s Mem. at 11–22). Plaintiff further contends that the "no preservatives" label is misleading because the mixers contained citric acid regardless of whether Defendant intended for the citric acid to act as a preservative. (*Id.* at 22–25).

New York law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. § 349(a). Likewise, "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is . . . unlawful." *Id.* § 350.

To state a claim under N.Y. GBL sections 349 and 350, a plaintiff must allege that "the defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)); *See also Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) ("The standard of recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349.") (quoting *Goshen v. Mut. Life. Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002). "The New York Court of Appeals has adopted an objective definition of 'misleading,' under

---

[2] In its motion to dismiss, Defendant does not dispute that the sale of Stirrings mixers is consumer-oriented conduct. Defendant marketed and sold its products in New York, and Rodriguez purchased those products in New York. (*See* Am. Compl.).

which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)).

When assessing nearly identical complaints, numerous courts in this circuit have found plaintiffs to have sufficiently pleaded citric acid functioned as a preservative. *See Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 143 (S.D.N.Y. 2021) (finding plaintiff sufficiently alleged citric acid was a preservative where plaintiff included "detailed allegations, including that the FDA described citric acid as a preservative, that the FDA sent warning letters that suggested that citric acid was a preservative, and provided an expert declaration explaining how citric acid acts as a preservative in food and beverages"); *see also Quiroz v. Beaverton Foods, Inc.*, No. 17-CV-7348 (NGG) (JO), 2019 WL 1473088, at *8 (E.D.N.Y. Mar. 31, 2019) (holding plaintiff sufficiently alleged citric acid functioned as preservative based on expert declaration that explained chemical effects of citric acid in the product at issue); *see e.g.*, *Simeone v. T. Marzetti Co.*, No. 21 Civ. 9111 (KMK), 2023 WL 2665444, at *6 (S.D.N.Y. Mar. 28, 2023) (plaintiff properly established citric acid functioned as a preservative where plaintiff alleged citric acid can act as a preservative, the products contained citric acid, and the complaint included allegations on how citric acid preserved the products). The Court finds no reason to disagree with these findings.

Here, Plaintiff sufficiently alleges citric acid acts as a preservative in the mixers, and Defendant labeled the mixers as containing no preservatives. "These allegations are plainly sufficient to state a claim for material misrepresentation" under N.Y. GBL sections

349 and 350. *Simeone*, 2023 WL 2665444, at *7 (citing *Quiroz*, 2019 WL 1473088, at 8 (finding plaintiff had alleged a material representation because "the label 'No Preservatives' on the [p]roduct is misleading if it contains preservatives")).

Further, Plaintiff's allegation that she relied on the mixers labels that they contained "no preservatives" and would not have bought the mixers (or would have paid less for them) had she known they "were laden with preservatives, which have significantly less value," satisfies the injury requirement at this stage. (Am. Compl. ¶¶ 50, 62–65); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288 (S.D.N.Y. 2014); *see Mason*, 515 F. Supp. 3d at 144 (plaintiff pleaded an injury under N.Y. GBL sections 349 and 350 where plaintiff alleged she paid a price premium for a product labeled "no preservatives" that contained citric acid).

Defendant fails to distinguish the numerous cases that Plaintiff cites in support and cites to only one Eastern District of Pennsylvania case to argue that a reasonable consumer would not be material misled by its label, *Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 816 (E.D. Pa. 2017), which is not binding on this Court. For reasons already stated, the Court declines to follow *Hu's* reasoning.[3]

Thus, the Court denies Defendant's motion to dismiss Plaintiff's N.Y. GBL claims.

II. Plaintiff Sufficiently Pleads a Claim for Breach of Express Warranty

Defendant argues Plaintiff's express warranty claim fails for the same reason as her N.Y. GBL claims and further argues the amended complaint "lacks any factual allegations suggesting that Stirrings consumers relied on the 'no preservatives'

[3] The court in *Hu* later denied defendant's motion to dismiss the second amended complaint.

statement." (Def.'s Mem. at 13–14). Rodriguez contends the allegations that the "no preservative" language on the label established the basis of the bargain and induced her to buy the product have "repeatedly survived on a motion to dismiss in a number of cases involving citric-acid based products." (Am. Compl. ¶¶ 7, 92, 93; Pl.'s Mem. at 27–28).

Under New York law, a plaintiff must plausibly allege: "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 527 (E.D.N.Y. 2017). A plaintiff must also give notice of the breach to the seller before she can recover under an express warranty claim. N.Y. U.C.C. § 2-607(3)(a); *Ham v. Lenovo (United States) Inc.*, 664 F. Supp. 3d 562, 582 (S.D.N.Y. 2023).

First, the Court has already decided that Plaintiff's N.Y. GBL claims survive Defendant's motion to dismiss because the amended complaint sufficiently alleges that citric acid acted as a preservative, and Plaintiff relied on that misrepresentation—thus, Defendant's repeated arguments fail. *See e.g., Kelly v. Beliv LLC*, 640 F. Supp. 3d 286, 301 (S.D.N.Y. 2022) (finding defendant's same arguments unavailing where the N.Y. GBL claims survived and defendant repeated the same arguments to dismiss plaintiff's express warranty claim). Further, Rodriguez's allegation that the "no preservatives" label established an express warranty that the mixers contained no preservatives and induced Plaintiff's purchase of the product "satisf[ies] her burden to state a claim for breach of express warranty." *Mason*, 515 F. Supp. 3d at 146.

Thus, the Court denies Defendant's motion to dismiss Plaintiff's express warranty claims.

III. Unjust Enrichment

To state a claim for unjust enrichment under New York law, a plaintiff must allege that "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) . . . it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." *Baron v. Pfizer, Inc.,* 42 A.D.3d 627, 629 (3d Dept 2007) (citing *Clifford R. Gray, Inc. v. LeChase Constr. Servs., LLC,* 31 A.D.3d 983, 988, 819 N.Y.S.2d 182 (3d Dept. 2006)). "Yet, an unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Koenig*, 995 F. Supp. 2d at 290 (quoting *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790–91 (2012). Here, Plaintiff's claim for unjust enrichment does just that. (Am. Compl. ¶¶ 118–23). "To the extent that Plaintiffs' other claims succeed, 'the unjust enrichment claim is duplicative,' and 'if [plaintiff's] other claims are defective, an unjust enrichment claim cannot remedy the defects." *Koenig*, 995 F. Supp. 2d at 290 (quoting *Corsello,* 18 N.Y.3d at 790–91). As Defendant argues, the cases that Plaintiff cites to in support are inapplicable here because whether a contract existed is not at issue. *See e.g.*, *JTH Tax, Inc. v. Gouneh*, 721 F. Supp. 2d 132, 139–40 (N.D.N.Y. 2010).

Thus, the Court grants Defendant's motion to dismiss Plaintiff's unjust enrichment claims as duplicative.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion to dismiss Plaintiff's unjust enrichment claim and otherwise denies the motion as to Plaintiff's remaining claims under N.Y. GBL section 349 and 350 and for breach of express warranty.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 11, 2026
Brooklyn, New York